### Guy Book, Appellee, v. Andrew Aschenbrenner, Appellant.

### Gen. No. 5479.

1. EVIDENCE—*as to what opinion competent. Held*, that it was proper to permit a witness to give his opinion as to the rate of speed at which an automobile was running.

2. APPEALS AND ERRORS—*effect of failure to object or except.* If evidence received is neither objected nor excepted to the ruling admitting the same is not subject to review.

3. CONTRIBUTORY NEGLIGENCE—*acting upon impulse.* Where one without his own fault is, through the negligence of another, put in such apparent peril as to cause loss of self-possession, and, as a natural result thereof, he, attempting to escape, puts himself and property in a more dangerous position, this is not, in law, contributory negligence that will prevent him from recovering for the injury.

Action commenced before justice of the peace. Appeal from the Circuit Court of Lee county; the Hon. OSCAR E. HEARD, Judge, presiding. Heard in this court at the April term, 1911. Affirmed. Opinion filed October 13, 1911.

HARRY EDWARDS and R. H. SCOTT, for appellant.

JOHN P. DEVINE, for appellee.

MR. JUSTICE WILLIS delivered· the opinion of the court.

Guy Book sued Andrew Aschenbrenner before a justice of the peace of Lee county to recover the value of a horse which Book claimed was killed by reason of the negligent driving of an automobile by Aschenbrenner. Book obtained a judgment for $200 and Aschenbrenner appealed to the Circuit Court of said county. There Book obtained a verdict and a judgment for $170 from which Aschenbrenner appeals.

On· April 15, 1910, appellee and his wife were driving west in a·top buggy drawn by one horse along the Franklin Grove Road toward the city of Dixon. The top of the buggy was up and the back curtain down. The travelled track was macadam and about twenty-four feet wide. Below this on the south side, is a dirt road, and directly south of that is a rise in the land next to the fence of about three feet. Appellee was driving on the south side of the macadam road. Appellant, who was driving a 28 H. P. automobile, approached appellee from behind and passed close to the buggy on the north side of the road. Shortly afterwards the buggy was lying on its side and the horse was dead, but showed no external injury, and the automobile did not show any marks as a result of the collision.

Appellee testified that when he heard the horn of the automobile and the noise of the machine he turned to the south side of the road so that one wheel was about a foot on the macadam; that the horse became excited; that the automobile was running from thirty to forty miles an hour; that it struck the horse on the back of the front leg; that the horse made a few jumps, went on a rod or so, and then the buggy and horse fell over on the road. There was proof that the horse's hide was removed and the body dissected the same day at the rendering works, and the part back of the right leg was much bruised ·and one lung was clotted with blood.

There was proof for appellant that the horn of the automobile was sounded within ten rods of the buggy and again within two or three rods, and that it was running about twenty miles an hour when the first alarm was given. Appellant and two witnesses riding with him testified that the automobile did not touch the horse; that it was running eight or ten miles an hour as it passed; that they noticed that the horse was excited. One said that appellee seemed to be very much excited after the accident.

It is argued that the fact that no marks or bruises were visible on the body of the horse and that the automobile did not show any marks as the result of the collision corroborated appellant's evidence that the horse was not struck.

The fact that no bruises were visible is not strange, as it is common knowledge that a heavy skinned animal may be struck blows sufficient to break its bones without causing external evidence of the injuries, and it seems obvious that appellee's horse would not receive such injuries by simply falling on its side on the highway. An automobile travelling in the same direction at a great rate of speed could easily, in our opinion, injure a horse seriously without leaving any marks on the automobile. The absence of evidence of injury to the automobile was of little weight in support of appellant's theory and the injury to the horse was very convincing proof of appellee's claim.

It is true that a greater number of witnesses testified for appellant than for appellee, but the preponderance of evidence is not alone necessarily determined by the greater number of witnesses testifying, as a variety of facts and circumstances may arise which properly enter into a determination of that question. We think that the jury was warranted in concluding from all the evidence that the negligent driving of the automobile caused the death of the horse.

Appellant's contention that the court erred in per-

mitting appellee to give his opinion of the rate of speed at which the automobile was running is not before us to determine, because the abstract does not show an objection to either the question or the answer. But the ruling was not erroneous.

It was not error, as urged by appellant, to admit proof that there was evidence of injury on the horse's body, for the reason that it intended to establish appellee's claim that the horse was struck by the automobile.

It is urged that the court erred in giving appellee's 7th and 8th instructions. Their purpose was to inform the jury that one placed in sudden peril through the fault of another is not expected to act with the same caution as under ordinary circumstances. Appellee could not see appellant approaching on account of the top of the buggy being up and the back curtain down, and the evidence shows that he was excited. The only fault attempted to be attributed to him is that he did not turn to the right. Appellant was at fault by reason of the manner in which he drove under the circumstances. He was guilty of a want of reasonable care, and appellee was without fault so far as we can see from this record. The rule is that where one without his own fault is, through the negligence of another, put in such apparent peril as to cause loss of self-possession, and as a natural result thereof he, in attempting to escape, puts himself and property in a more dangerous position, this is not, in law, contributory negligence that will prevent him from recovering for the injury. Morse v. Sweenie, 15 Ill. App. 486; Ill. Steel Co. v. Paige, 136 Ill. App. 410. The instructions were not erroneous under the circumstances appearing in evidence.

The record disclosing no reversible error, the judgment is affirmed.

*Affirmed.*